**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MARCOS RAMON MARTINEZ,                     *

Petitioner,                                *

v.                                         *          Civil Action No. GJH-18-3940

WARDEN TIMOTHY S. STEWART,                 *

Respondent.                                *
                                          ***

<u>**MEMORANDUM OPINION**</u>

While incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), self-represented Petitioner Marcos Ramon Martinez filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), alleging that pursuant to 18 U.S.C. § 3585(b), he was denied credit for time served in Texas state prison.  ECF No. 1.  As relief, he seeks a recalculation of his federal sentence by the Bureau of Prisons ("BOP").  *Id.* at 8.

Respondent Timothy S. Stewart, Warden at FCI-Cumberland, filed a Motion to Dismiss the Petition, which the Court construed as an Answer.  ECF No. 7, 9.  Respondent argues that the BOP appropriately calculated Martinez's sentence because during the period of time at issue, the State of Texas had primary jurisdiction over Martinez.  ECF No. 7 at 7-11.  Martinez did not file a response.  Having reviewed the submitted materials, the Court finds that a hearing is not necessary.  *See* D. Md. Local R. 105.6 (D. Md. 2018).  For reasons set forth below, the Petition will be DENIED and DISMISSED.

**I.       BACKGROUND**

On January 27, 2012, Martinez was arrested and detained by the Grand Prairie, Texas Police Department for Possession of a Controlled Substance.  Decl. of Bryan Erickson ¶ 3, ECF

No. 7-1; Presentence Investigation Report ¶¶ 7, 42, ECF No. 7-2.  The following day, he was released on bond.  *Id.*

On November 1, 2012, Martinez was arrested by the Arlington, Texas Police Department for Possession with Intent to Deliver a Controlled Substance and Unlawful Possession of a Firearm by a Felon, and he remained detained by the State of Texas.  ECF No. 7-1 at ¶ 4; ECF No. 7-2 at ¶¶ 8, 46.  The following day, the Texas Department of Criminal Justice, Pardons and Parole Divisions ("Texas DCJPPD") issued a parole violation warrant in case numbers: F-9130095, F-9330015, F-9330016, F-9330014, F-9330019 and F-933021.  ECF No. 7-1 at ¶ 5; ECF No. 7-2 at ¶¶ 29-34.

On January 23, 2013, Martinez, while in primary state custody, was "borrowed" pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum to answer to federal criminal charges filed in the Eastern District of Texas.  ECF No. 7-1 at ¶ 6; USMS Prisoner Tracking, ECF No. 7-3.  On July 9, 2014, Martinez was sentenced in the United States District Court for the Eastern District of Texas in case number 4:12CR00156-006, to a 360-month term of imprisonment for Conspiracy to Possess with Intent to Manufacture and Distribute 500 Grams or More of Methamphetamine and/or 50 Grams or more of Methamphetamine (actual) in violation of 21 U.S.C. § 846 and § 841.  ECF No. 7-1 at ¶ 7; Judgment and Conviction Order in *United States v. Martinez*, Case No. 4:12CR00156-006, ECF No. 7-4.  The Court ordered the federal term of imprisonment to run concurrently with any state sentence imposed in case number F12-30596 in Dallas County District Court #3 and case numbers 13-03307, 13-03308, 13-03309, and 13-03310 in Tarrant County Criminal District Court #2.  ECF No. 7-4 at 2.  In addition, the Court ordered the federal sentence to run consecutively to any future state sentence imposed for the revocation of state parole.  *Id.*

On October 21, 2014, Martinez was returned to Texas state authorities, and the federal judgment was lodged as a detainer.  ECF No. 7-1 at ¶ 8; ECF No. 7-3.  On November 6, 2014, the Texas DCJPPD revoked Martinez's parole in the six parole violation cases.  ECF No. 7-1 at ¶ 9; Certificate of Mandatory Supervision, ECF No. 7-5.  On December 19, 2014, the Criminal District Court #2 of Tarrant County, Texas dismissed the charges against Martinez in the four Tarrant County cases.  ECF No. 7-1 at ¶ 10; Letter of Incarceration, ECF No. 7-7.  On January 23, 2015, the Criminal District Court #3 of Dallas County, Texas dismissed the charges in case number F12-30596.  ECF No. 7-1 at ¶ 11; Mot. to Dismiss Prosecution, ECF No. 7-8.

On April 27, 2016, the Texas Department of Criminal Justice ("TDCJ") released Martinez via Mandatory Supervision to the "exclusive" custody of the United States Marshals Service ("USMS") to begin service of the federal sentence.  ECF No. 7-1 at ¶ 12; ECF No. 7-3; Letter from TDCJ to USMS, ECF No. 7-9.  Records received indicate that the TDCJ credited him with time spent in custody from November 2, 2012 through April 27, 2016, and that he would be on supervision until the Maximum Expiration Date of July 19, 2020.  ECF No. 7-1 at ¶¶ 9, 16; Email from TDCJ to BOP, ECF No. 7-6; ECF No. 7-9.

The BOP prepared a sentence computation for Martinez based on a 360-month term of imprisonment commencing on April 27, 2016, the date he completed the Texas state parole revocation sentence releasing him to the "exclusive" custody of federal authorities, to commence the service of his consecutive federal sentence.  ECF No. 7-1 at ¶ 17; Inmate Data, ECF No. 7-11. Prior custody credit was applied to the federal sentence for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed from January 27, 2012 through January 28, 2012, and for November 1, 2012, which had not been credited against

any other sentence.  *Id.*  According to the BOP, Martinez has a projected release date of July 18,

2042, via good conduct time release.  *Id.*

On December 18, 2018, Martinez filed the instant Petition in this Court.  ECF No. 1.

## II.    DISCUSSION

### A. Petition for Writ of Habeas Corpus

Martinez seeks credit toward his federal sentence for time served in "official detention"

beginning November 1, 2012.  ECF No. 1 at 8; ECF No. 1-1 at 3.  He relies on 18 U.S.C. § 3585,

which states:

> **(a) Commencement of Sentence.**   A sentence to a term of imprisonment
> commences on the date the defendant is received in custody awaiting
> transportation to, or arrives voluntarily to commence service of sentence at, the
> official detention facility at which the sentence is to be served.
>
> **(b) Credit for Prior Custody.**   A defendant shall be given credit toward the
> service of a term of imprisonment for any time he has spent in official detention
> prior to the date the sentence commences
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after
> > the commission of the offense for which the sentence was imposed;
> > that has not been credited against another sentence.

*See also* Sentence Computation Manual, ECF No. 7-10.

Where, as here, an inmate has sentences imposed by federal and state authorities, the

sovereign that arrested him first acquires and maintains primary jurisdiction until the sentence

imposed by that sovereign has been satisfied.  *See United States v. Evans*, 159 F.3d 908, 912 (4th

Cir. 1998) (explaining principle of primary jurisdiction as set forth in *Ponzi v. Fessenden*, 258 U.S.

254, 260 (1922)).  The primary jurisdiction continues until "[a] triggering event occur[s] to shift

primary jurisdiction to the [other sovereign]."  *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D.

Penn. 1996).  Such triggering events include "bail release, dismissal of the state charges, parole

release, or expiration of the sentence."  *Id.*; *see also McClain v. Bureau of Prisons*, 9 F.3d 503,

504 (6th Cir. 1993); *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982).  "[T]he sovereign with priority of jurisdiction may elect under the doctrine of comity to relinquish it to another sovereign.  This discretionary election is an executive, and not a judicial, function."  *Shumate v. United States*, 893 F. Supp. 137, 141 (N.D.N.Y. 1995); *see also Warren*, 610 F.2d at 684.

After a United States District Court sentences a federal offender, the Attorney General, through the BOP, has the responsibility to administer the offender's sentence.  18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992); *accord Dorsey v. Bogden*, 188 F. Supp. 2d 587, 589 (D. Md. 2002).  The BOP has been delegated authority from the Attorney General to calculate federal sentences.  28 C.F.R. § 0.96.  As such, the BOP has long been responsible for determining when a federal prisoner's sentence commences and expires, and how to apply credit to a prisoner's federal sentence for prior custody and good conduct.  18 U.S.C. §§ 3585, 3624; *Wilson*, 503 U.S. at 334.  A federal sentence does not commence until the Attorney General receives the defendant into custody for service of that sentence.  *See* 18 U.S.C. § 3585(a); *Thomas v. Whalen*, 962 F. 2d 358 (4th Cir. 1992); *United States v. Miller*, 49 F. Supp. 2d 489 (E.D. Va. 1999).  As previously stated, "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Moreover, in no case can a federal sentence commence earlier than the date on which it is imposed.  *See* 18 U.S.C. § 3585(b)(2); *see also Stubbs v. United States*, No. CIV.A. WDQ-10-2089, 2011 WL 3897952, at *3 (D. Md. Aug. 31, 2011) (citing *Wilson v. Henderson,* 468 F.2d 582, 584 (5th Cir.1972) and *United States v. McLean*, 867 F.2d 609 (4th Cir.1989) (unpublished)).

Under 18 U.S.C. § 3585(b), prior custody credit cannot be granted if the prisoner has received credit for that period of time toward another sentence. *See United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (holding that defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (noting that credit is only available for time spent in custody that has not been credited against another sentence); *see also* Program Statement 5880.28. In other words, a defendant is not entitled to "double credit" for detention time, meaning credit applied to both the state and the federal sentence. *Wilson*, 503 U.S. at 337. Moreover, when a state exercises primary jurisdiction over a defendant, a detainer or a writ of habeas corpus ad prosequendum subsequently issued by federal authorities does not change the defendant's primary jurisdiction status. *See Whalen*, 962 F.2d at 358-60. The writ of habeas corpus ad prosequendum specifically recognizes the state's primary jurisdiction and the intention of the federal authorities to "borrow" the defendant for court proceedings and return the defendant to state custody to complete his state sentence. *Id.* at 358 n.3.

Here, Martinez was arrested by the State of Texas on November 1, 2012, after which he remained detained in the primary custody of the state. On January 23, 2013, he was borrowed via writ of habeas corpus ad prosequendum to answer federal charges brought against him in the Eastern District of Texas. On July 9, 2014, Martinez was sentenced to 360 months to run concurrently with any sentence imposed in a Dallas County District Court case and four Tarrant County Criminal District Court cases, all of which were pending in the State of Texas at the time of federal sentencing and which were later dismissed. Additionally, the Court ordered the federal sentence to run consecutively to any future sentence imposed for the revocation of state parole.

On October 21, 2014, Martinez was returned to state custody, and the federal judgment was lodged as a detainer.  On November 6, 2014, his parole was revoked in six state cases, and the TDCJ credited him with time spent in custody from November 2, 2012.  On April 27, 2016, the State of Texas released Martinez to the "exclusive" custody of the USMS to begin service of his federal sentence.

Applying 18 U.S.C. § 3585(a), Martinez did not meet the statutory requirement for commencement of his federal sentence until April 27, 2016, when he was released from the state into the exclusive custody of the federal government.  When the BOP calculated his sentence, he was properly awarded prior custody credit for three days which were not credited against his state parole sentence: January 27 and 28, 2012, and November 1, 2012.  The BOP did not credit Martinez with the time from November 2, 2012, through April 27, 2016, as this time was credited against his state sentence.  More specifically, the time Martinez was in federal custody while on writ, from January 23, 2013 to October 21, 2014, was not credited by the BOP as this time was credited against the state parole revocation sentence.  Although Martinez was taken into temporary physical custody by the USMS, this act did not remove primary jurisdiction from the state.

For the foregoing reasons, the BOP appropriately computed Martinez's sentence as commencing on April 27, 2016, instead of November 1, 2012.

**B.  Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2018).  Martinez has not done so; therefore, the Court declines to issue one. He may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## III.    CONCLUSION

For the foregoing reasons, the Court will deny and dismiss the Petition.  The Court declines to issue a Certificate of Appealability.  A separate Order follows.


August 29, 2020                            /s/_____
Date                                      GEORGE J. HAZEL
                                          UNITED STATES DISTRICT JUDGE